ROBERT ALEXANDER, plaintiff in error, *vs.* L. M. BIGGERS, defendant in error.

MILNER MARTIN, plaintiff in error, *vs.* THOMAS J. KIMBROUGH, defendant in error.

Alexander held a note on Biggers for the balance due on the purchase-money of land and brought suit on such note, to which Biggers pleaded tender and relief, etc., and during the pendency of such suit, Alexander also brought his action of ejectment for the land. And Biggers filed his bill in equity reciting these facts and praying injunction against Alexander's action of ejectment, which was refused:

*Held,* That the Judge committed no error in refusing the injunction under the facts in this case; that Biggers has a good defense at law, by pleading the pendency of the suit, and if the suit on the note is dismissed, then Biggers may file his bill in equity under the facts and his rights may be properly adjudicated.

Equity. Relief. Tried before Judge JOHNSON. Muscogee county. Chambers. March, 1871.

On the 10th of December, 1857, Alexander gave to Biggers his two notes for $482 00 each, due on the 25th of December, 1859 and 1860, respectively. On the 1st of August, 1860, Alexander paid $48 83 on each, and the notes were so credited. On the 17th of March, 1869, Biggers sued Alexander on these notes. It does not appear by the record that any defense was filed.

In September, 1870, Biggers brought ejectment against Alexander for certain land. Alexander pleaded to this action not guilty, and that he gave said notes for said land and took a bond for titles and possession of the premises; that he made said payments on said notes, and on the 24th of January, 1864, also paid on them $1,050 00, which fully paid them, and he prayed that Alexander be enjoined from ejecting him and be compelled to make him a title to said land, as if this were a proceeding in equity.

Pending these actions, Alexander filed his bill against Biggers, alleging the pendency of said suits and the facts in said plea, and also as follows: Said $1,050 00 was in Con-

federate currency. Biggers had agreed to take it in payment of said notes, and he paid it to him for that purpose. But Biggers said he did not have the notes there, and that a receipt would do as well, and gave him a receipt in these words: "Received of Robert Alexander one thousand and fifty dollars in Confederate money, to be used to the best advantage for said Alexander." Alexander had great confidence in Biggers, was illiterate and did not read the receipt. He went into the army fully believing said notes were paid, but now Biggers denies that he took said $1,050 00 in payment of said notes. He said he had pleaded payment, tender and relief under the Act of 1868, to said action of assumpsit, and intended to plead relief under the Act of 1870; and he averred that he had made valuable improvements on the land. He prayed that said suits be enjoined, and that Biggers be compelled to make him a deed to said land.

Biggers answered that he expressly told Alexander that he would not take Confederate currency on said notes; and that Alexander had sold a horse worth $75 00, for $700 00 or $800 00 in Confederate currency, and some other stock for the balance, said he was going into the army and asked Biggers to take the currency and use it for him if he could; that he took it for that purpose only, gave said receipt as evidence of that fact, and Alexander well understood the matter. Further, he said that he could not use the currency, and it became worthless by the fall of the Confederacy; and that before sueing Alexander, he offered to give up the notes and take back the land, but Alexander refused.

On the hearing, two witnesses swore to facts showing that Alexander understood the matter of the $1,050 00 when the receipt was given, as Biggers averred in his answer. The Chancellor refused an injunction, and that is assigned as error.

(The cause of Martin against Kimbrough is substantially the same, *mutatis mutandis.* Here they were consolidated.)

Wynn *vs.* The Georgia Railroad and Banking Company.

INGRAM & CRAWFORD, by A. W. HAMMOND & SON, for plaintiffs in error.

No appearance for defendants.

LOCHRANE, Chief Justice.

These cases were argued together and present but one simple and single question for the Court. Did the Judge commit error under the facts of the case, to refuse the injunction prayed for? The suit for the purchase-money due was progressing in Court, and pleas of tender and relief filed, when the same plaintiffs brought their action of ejectment for the land. The bills now before the Court were brought by the defendant in the common law actions, to enjoin the actions of ejectment; and the Court refused the injunction. In the opinion of the Court, there was no error in the ruling of the Court below, where the remedy at law was adequate and complete, by plea of pendency of the suit for the purchase-money. And when this is disposed of the parties may resort to equity by bill; and if his case warrants the interference of a Court of equity, the Court can apply that remedy which the case properly and equitably invokes.

Judgment affirmed.